THE LAW OFFICES OF ALLEN A. KOLBER, ESQ.
Attorney for Debtor
134 Rt. 59, Suite A
Suffern, NY 10601
(845) 918-1277


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    **Hearing Date and Time:**
                                                                               **October 11, 2012 at 10:00 a.m.**
     JAKLIN MECANIK,
                                                                               Chapter 7
                       Debtor.                              Case No. 12-70420(dte)
------------------------------------------------------------X

**NOTICE OF MOTION OF THE DEBTOR TO COMPEL
NORTH SHORE HEBREW ACADEMY HIGH SCHOOL
TO RELEASE SCHOOL TRANSCRIPT AND
AWARD DAMAGES, LEGAL FEES AND IMPOSE SANCTIONS FOR
WILFULL VIOLATION OF THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(k).**

      **PLEASE TAKE NOTICE** that upon the annexed application of JAKLIN MECANIK ("Debtor"), seeking the entry of an Order to compel North Shore Hebrew Academy High School to release a school transcript, and for damages and sanctions pursuant to 11 U.S.C. §362(k), a hearing will be held on **October 11, 2012 at 10:00.A.M.** before the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722;

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief the Debtor seeks to obtain must be in writing, conform to the requirements of the Bankruptcy code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served no later than three (3) business days prior to the hearing date ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-182, any objection filed by parties with representation shall be filed on or before the objection Deadline (i) through the Bankruptcy Court's Electronic Filing System which may be accessed at the Bankruptcy Court's internet web at http://www.nysb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion.

**PLEASE TAKE FURTHER NOTICE** that any party that is either without legal representation, or that is unable to file documents electronically or create documents in PDF format, shall file its objection on or before the objection Deadline in either Word, WordPerfect or DOS text (ASCII) format on 3-1/2" floppy diskette in an envelope clearly marked with the case name, case number, type and title of document, document number of the document to which the objection refers and the file name of the documents.

**PLEASE TAKE FURTHER NOTICE** that a "hard copy" of any objections must be hand delivered to the Chambers of the Honorable, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, must be served in accordance with the provisions of General Order M-182 so that they are received on or before the Objection Deadline by The Law Offices of Allen A. Kolber, Esq., attorney for the Debtor, 134 Rt. 59, Suite A, Suffern, NY 10901.

Dated:  Rockland County, New York
September 12, 2012

LAW OFFICES OF ALLEN A. KOLBER, ESQ.

By: /s/ Allen A. Kolber
Allen A. Kolber, Esq. (AK0243)
Attorney for Debtor
134 Rt. 59, Suite A
Suffern, NY 10901
(845) 918-1277

TO:    North Shore Hebrew Academy High School
Attn: Arnie Flatow
400 North Service Road
Great neck, NY 11020

Stan Yang, Esq.
U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722-4456

Andrew M Thaler, Esq.
Chapter 7 Trustee
Thaler & Gertler LLP
90 Merrick Avenue, Suite 400
East Meadow, NY 11554

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

JAKLIN MECANIK,

                        Debtor.
------------------------------------------------------------X

**Hearing Date and Time:**
**October 11, 2012 at 10:00 a.m.**

Chapter 7
Case No. 12-70420(dte)

## AFFIDAVIT OF DEBTOR JAKLIN MECANIK IN SUPPORT OF MOTION TO COMPEL NORTH SHORE HEBREW ACADEMY HIGH SCHOOL

Debtor, JAKLIN MECANIK, in support of her motion to compel North Shore Hebrew Academy High School to release a school transcript, and for damages and sanctions pursuant to 11 U.S.C. §362(k) respectfully represents:

1. I filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on January 30, 2012.

2. I am fully aware of the facts and circumstances surrounding the instant proceeding and application based upon my personal knowledge.

3. I make this Affidavit in support of my motion to compel North Shore Hebrew Academy High School to release the final transcript of my daughter Eliza Jacobi and for damages and sanctions against the school for willfully violating the Automatic Stay imposed by this Bankruptcy action.

4. During the years 2008 through 2011, my daughter, Eliza Jacobi, attended North Shore Hebrew Academy High School.

5. Due to my financial crisis and a continuing divorce proceeding, I was unable to pay the high school's tuition for the time period of 2008 through 2011 (See tuition invoice annexed hereto as Exhibit "A".).

6. In June of 2012, my daughter, Eliza Jacobi, graduated North Shore Hebrew Academy.

7. Prior to June 2012, my daughter had been accepted to attend List College, Jewish Theological Seminary, in a program affiliated with Columbia University, starting September 2012.

8. List College advised me that my daughter's admission and consideration for student aid was conditioned upon the receipt of the final transcript from North Shore Hebrew Academy.

9. During the summer of 2012, I repeatedly requested that North Shore Hebrew Academy release the final transcript to List College.

10. All my requests were addressed to Mr. Arnie Flatow, Chief of Administration of North Shore Hebrew Academy.

11. Arnie Flatow repeatedly told me that no transcript would be released until the outstanding tuition of approximately $45,000.00 was paid in full.

12. On August 2, 2012, I requested that my Bankruptcy attorney advise North Shore Hebrew Academy that their failure to release the final transcript is a violation of the Automatic Stay imposed by the Bankruptcy Code (See letter dated August 2, 2012 annexed hereto as Exhibit "B".)

13. On August 6, 2012, Melissa Present, Director of Admissions at List College, sent an email which reads as follows: *"Regarding aid, we cannot move forward with the financial aid process until we have the official transcript sent from North Shore directly to our office."* (Please see a copy of the August 6, 2012 email annexed hereto as part of Exhibit C).

14. On August 7, 2012, Melissa Present sent an email advising that *"Again, we cannot begin to review your forms to determine need-based aid until there is a signature on your FAFSA and I have an official transcript sent from NSHA."* (Please see a copy of the August 7, 2012 email annexed hereto as part of Exhibit C).

15. On August 20, 2012, Melissa Present sent an email advising that *"Tuition bills were due today and we have not had any forward progress with your transcript or payment. I am withdrawing you from our Fall 2012 system and hope to touch base in the future."* (Please see a copy of the August 20, 2012 email annexed hereto as part of Exhibit C).

16. As of today's date, North Shore Hebrew Academy has refused to release the final transcript to List College.

17. As a result of North Shore Hebrew Academy's actions, my daughter has been irreparably damaged by not being allowed begin her freshman year at List College.

18. As a result of North Shore Hebrew Academy's actions, I have had to incur additional legal fees in a sum to exceed $1,000.00.

**[remainder of page intentionally left blank]**

WHEREFORE, I respectfully request that the Court grant my Motion to compel North Shore Hebrew Academy to release my daughter's final transcript, and for damages and sanctions against North Shore Hebrew Academy High School.

Dated: Rockland County, New York
       September 12, 2012

_____
NOTARY PUBLIC, State of New York

ROBERT S PEHNKE
NOTARY PUBLIC State of New York
No 4920011
Qualified in Nassau County
Commission Expires Feb 16 2014

/s/ Jaklin Mecanik
Jaklin Mecanik

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

    JAKLIN MECANIK,

                      Debtor.

-----------------------------------------------------------X

**Hearing Date and Time:**
<u>**October 11, 2012 at 10:00 a.m.**</u>

Chapter 7
Case No. 12-70420(dte)

## APPLICATION PURSUANT TO 11 U.S.C. § 362(k) TO COMPEL NORTH SHORE HEBREW ACADEMY HIGH SCHOOL AND AND FOR DAMAGES AND SANCTIONS

    Allen A. Kolber, Esq., in support of Debtor's motion to compel North Shore Hebrew Academy High School to release a final transcript and for damages and sanctions pursuant to 11 U.S.C. § 362(k), respectfully represents:

1. I am the attorney for the Debtor in this action.

2. I am fully familiar with the facts and circumstances surrounding this application.

3. On August 2, 2012, I sent the attached letter to North Shore Hebrew Academy, to the attention of Arnie Flatow, advising the school that § 362 of the Bankruptcy Code prevents creditors from any actions or proceedings to collect a debt owed by the Debtor to such creditor, and that the school's refusal to release the final transcript of Eliza Jacobi was a violation of the Automatic Stay. (See letter dated August 2, 2012 annexed hereto as Exhibit "B".)

4. I never received a response to this letter.

5. On August 31, 2012, I left a voicemail message with Arnie Flatow of North Shore Hebrew Academy High School. As of today's date I have never received a return telephone call from North Shore Hebrew Academy High School.

6. No prior application for this relief has requested by the Debtor.

Dated:        Rockland County, New York
                September 12, 2012

                                    LAW OFFICES OF ALLEN A. KOLBER, ESQ.

                                    By: _/s/ Allen A. Kolber_
                                          Allen A. Kolber, Esq. (AK0243)
                                          Attorney for Debtor
                                          134 Rt. 59, Suite A
                                          Suffern, NY 10901
                                          (845) 918-1277

LAW OFFICES OF ALLEN A. KOLBER, ESQ.
Attorneys for Debtor
134 Rt. 59, Suite A
Suffern, NY 10901
(845) 918-1277
Allen A. Kolber, Esq. (AK0243)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In Re:

       JAKLIN MECANIK,

                    Debtor.
---------------------------------------------------------------x

**Chapter 7**
**Case No. 12-70420 (dte)**

### MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO COMPEL NORTH SHORE HEBREW ACADEMY HIGH SCHOOL TO RELEASE SCHOOL TRANSCRIPT AND FOR DAMAGES AND SANCTIONS PURSUANT TO 11 U.S.C. §362(k)

Debtor submits this Memorandum of Law in support of her Motion to compel North Shore Hebrew Academy High School to release a school transcript and for damages and sanctions pursuant to 11 U.S.C. § 362(k).

### STATEMENT OF FACTS

Debtor respectfully refers the Court to the facts of this matter as set forth in Debtor's Application annexed hereto.

Debtor will not burden the Court with a repetition of the facts of this action.

### LEGAL ARGUMENT

Bankruptcy Code §362(a)(1) and (a)(6) state as follows:

    (a) Except as provided in subsection (b) of this section, a Petition filed under § 301, 302 or 303 of this title, or an application filed

> under § 5(a)(3) of the Securities Investor Protection Act of 19070, operates as a stay, applicable to all entities, of –
>
> * * *
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §§362(a)(1) and (a)(6).

The U.S. Court of Appeals for the Ninth Circuit commented on Bankruptcy Code § 362(a) as follows:

> "Congress intended to give debtors "a breathing spell" from their creditors and to stop "all collection efforts, all harassment, and all foreclosure actions." The automatic stay allows debtors, during the period of the stay, "to be relieved of the financial pressures that drove [them] into bankruptcy." Accordingly, § 362 is "extremely broad in scope" and "should apply to almost any type of formal or informal action against the debtor or the property of the estate." (Citations omitted).

*Hills Motors, Inc. v. Hawaii Automobile Dealers' Association*, 997 F.2d 581, 585 (9th Cir. 1993) citing *Delpit v. Commissioner Internal Revenue Service*, 18 F.3d 768, 771 (9th Cir. 1994).

Bankruptcy Code §362 (k)(1) permits a Debtor to recover damages for violations of the Automatic Stay.

Bankruptcy Code §362(k)(1) states:

> (1) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k).

In *Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 346 (Bankr. S.D.N.Y. 1998), Judge Gonzalez addressed the issue of imposing damages and punitive damages under § 362(h) (replaced by 362(k)), when the creditor has acted with particular malice or bad faith:

> "The Second Circuit enunciated the standard governing the payment of damages under § 362(h) in *In re Crysen/Montenay Energy Co.*, 902F.2d

1098 (2d Cir. 1990). There, the Court concluded that, where a person takes a "deliberate act . . . in violation of a stay, which the violator knows to be in existence," an award of damages under § 362(h) is justified. *Id.* at 1105. The Court found, where a party has willfully violated the automatic stay, "an additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages."

*Sucre v. MIC Leasing Corp. (In re Sucre),* 226 B.R. 340, 346 (Bankr. S.D.N.Y. 1998).

### § 362(k) entitles the Debtor to reasonable legal fees.

Under Bankruptcy Code § 362(k), a debtor "*shall* recover actual damages, including costs and attorney's fees......"11 U.S.C. § 362(k). See also *Beard v. Walsh (In re Walsh)*, 219 B.R. 873, 877 (9th Cir. Bankr. 1998) holding that the court has no discretion but to award damages and legal fees.

A court may award legal fees even if the debtor has suffered no other compensable harm. *In re Robinson*, 75, 85 (Bankr. E.D.N.Y. 1998).

### Punitive Damages are Warranted

To recover punitive damages, there must be a finding that the creditor acted with actual knowledge or with reckless disregard that it was violating the Bankruptcy Stay. See *In re Mitchell*, 2009 Bankr. LEXIS 195 at 8, citing to *In re Galmore*, 390 B.R. at 908 (Bankr. N.D. Ind. 2008):

> . . ."*Galmore* set forth the elements a debtor needs to prove in order for a debtor to recover damages under 362(k). The debtor must prove that (1) a bankruptcy petition was filed; (2) the debtor is an "individual" under the automatic stay provisions; (3) the creditor had notice of the petition; (4) the creditor's actions were in willful violation of the stay and 5) the debtor is entitled to some form of relief as provided by § 362(k)."

*In re Galmore*, 390 B.R. at 908 (Bankr. N.D. Ind. 2008).

The Galmore court, citing to *In re Sumpter*, 171 B.R. 835, 845 (Bankr. N.D. Ill. 1994), stated:

> . .."[P]unitive damages should only be awarded with respect to conduct which is tantamount to 'thumbing one's nose at' the law, the debtor and the Court."

*In re Sumpter,* 171 B.R. 835, 845 (Bankr. N.D. Ill. 1994).

Chief Bankruptcy Judge Cecilia Morris discussed the awarding of actual damages and punitive damages for willful violation of the Automatic Stay in *In re Stephen and Roberta Velichko* (US Bankruptcy Court, SDNY– Case No. 11-38245). Please see Memorandum Decision annexed hereto as Exhibit "D":

> ***"Violation of the Automatic Stay***
>
> Section 362(k) mandates an award of actual damages to an individual where the violation is willful, and the Court has discretion to assess punitive damages. Damages for willful violation of the automatic stay will lie if "a person takes a deliberate act . . . in violation of a stay, which the violator knows to be in existence . . . [s]uch an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed general intent in taking actions which have the effect of violating the automatic stay the intent required . . . is satisfied." *Sucre v. MIC leasing Corp. (In re Sucre),* 226 B.R. 340, 349 (Bankr. S.D.N.Y. 1998) (Gonzalez, J.)."

Chief Bankruptcy Judge Cecilia Morris also discussed the awarding of actual damages and punitive damages for willful violation of the Automatic Stay in *In re Anne-Marie Westridge* (US Bankruptcy Court, SDNY– Case No. 07-35257). Please see Memorandum Decision annexed hereto as Exhibit "D".

## FACTUAL ARGUMENT

Pursuant to the Affidavit of Debtor Jaklin Mecanik attached herein, during the summer of 2012 the Debtor repeatedly requested that North Shore Hebrew Academy High School ("North Shore Hebrew Academy") release the final transcript of Debtor's daughter, Eliza Jacobi, to List College. North Shore Hebrew Academy continually refused to release the final transcript until the outstanding tuition was paid in full.

On August 2, 2012, the Debtor's bankruptcy attorney advised North Shore Hebrew Academy of the Debtor's bankruptcy case and the Automatic Stay imposed by the Bankruptcy Code. However,

despite being advised of the bankruptcy case and the Automatic Stay, North Shore Hebrew Academy still refused to release the final transcript for Eliza Jacobi.

Clearly, North Shore Hebrew Academy's refusal to release the final transcript of Eliza Jacobi is a "willful violation of Stay" provided by Bankruptcy Code § 362(k)(1).

North Shore Hebrew Academy has taken a deliberate act in violation of the Stay, which North Shore Hebrew Academy knew to be in existence *(Sucre v MIC Leasing Corp. (In re Sucre).*

North Shore Hebrew Academy acted with "actual knowledge and reckless disregard" that it was violating the Bankruptcy Stay, entitling the Debtor to punitive damages (*In re Galmore, In re Sumpter*).

North Shore Hebrew Academy possessed the general intent to violate the Automatic Stay, which is tantamount to "thumbing one's nose at the law" (*In re Gilmore, In re Sumpter, Supra.*)

Therefore, the Debtor is entitled to recover actual damages, punitive damages, costs, and attorney's fees.

## CONCLUSION

Debtor JAKLIN MECANIK respectfully requests that an Order be entered to compel North Shore Hebrew Academy High School to release the final school transcript of Eliza Jacobi to List College, to award damages and legal fees in a sum to exceed $1,000, to impose sanctions against North Shore Hebrew Academy High School in a sum to exceed $1,000 for the willful violation of the Automatic Stay pursuant to 11 U.S.C. § 362(k), and for such other and further relief as to the Court may seem just and proper.

Dated: Rockland County, New York
September 12, 2012

LAW OFFICES OF ALLEN A. KOLBER, ESQ.

By: /s/ *Allen A. Kolber*
    Allen A. Kolber (AK0243)
    134 Rt. 59, Suite A
    Suffern, NY 10901
    (845) 918-1277

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

JACKLIN MECANIK,

                              Debtor.

                   **Chapter 7**
                   **Case No. 12-70420(dte)**

-----------------------------------------------------------------X

## ORDER GRANTING MOTION OF DEBTOR TO COMPEL PURSUANT TO 11 U.S.C. § 3620(k)

**UPON** the Debtor's Motion filed September 12, 2012, for an Order pursuant to 11 U.S.C. § 362(k) to compel North Shore Hebrew Academy High School to release the final transcript of Debtor's daughter Eliza Jacobi, and for damages and sanctions; and it appearing that due and sufficient notice of the Motion and the hearing therein was provided; and upon the record of the hearing held by the Court on the Motion on October 11, 2012; and, after due deliberation, and in accordance with the provisions of 11 U.S.C.§ 362(k), and good and sufficient cause appearing, it is hereby

**ORDERED** that North Shore Hebrew Academy High School release the final transcript of Debtor's daughter, Eliza Jacobi, to List College, Admissions Office, 3080 Broadway, New York, NY 10027; and it is further

**ORDERED** that actual damages and compensatory damages in the sum of $_____ be awarded to Debtor; and it is further

**ORDERED** that sanctions in the sum of $_____ be imposed upon North Shore Hebrew Academy High School for willful violation of the Automatic Stay pursuant to 11 U.S.C. § 362(k).

Dated: Central Islip, New York
           _____, 2012

                                                          HON. DOROTHY T. EISENBERG
                                                           U.S. Bankruptcy Judge

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF ROCKLAND         )

SYLVIA BERKOWITZ, being duly affirmed, deposes and says:

I am not a party to the within action; I am over 18 years of age; I reside in Rockland County, New York.

On September 12, 2012, I served the within **APPLICATION TO COMPEL NORTH SHORE HEBREW ACADEMY HIGH SCHOOL TO RELEASE A SCHOOL TRANSCRIPT, AND FOR DAMAGES AND SANCTIONS PURSUANT TO 11 U.S.C. §362(k) via ECF** upon:

Stan Yang, Esq.
U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY  11722-4456

Andrew M Thaler, Esq.
Chapter 7 Trustee
Thaler & Gertler LLP
90 Merrick Avenue, Suite 400
East Meadow, NY 11554

and upon

North Shore Hebrew Academy High School
Attn:  Arnie Flatow
400 North Service Road
Great Neck, NY  11020

at the above address(es) for that purpose by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper, **via UPS Overnight Mail**, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

/s/ *Sylvia Berkowitz*
SYLVIA BERKOWITZ

Affirmed before me this
12th day of September, 2012

/s/*Allen A. Kolber*
NOTARY PUBLIC, State of New York
No. 02KO4972647
Qualified in Queens County
Commission Expires October 1, 2014