**Pryor & Mandelup, LLP**
**Attorneys for Andrew M. Thaler, Chapter 7 trustee**
**J. Logan Rappaport, Esq.**
**675 Old Country Road**
**Westbury, New York 11590**
**(516) 997-0999**
**lr@pryormandelup.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                              Chapter 7

      JAKLIN MECANIK                      Case No. 8-12-70420-dte

                              Debtor.
-----------------------------------------------------------------X

### TRUSTEE'S *EX PARTE* APPLICATION FOR AN ORDER DIRECTING THE EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY SHAROK JACOBI PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**TO:**    **THE HONORABLE DOROTHY EISENBERG,**
        **UNITED STATES BANKRUPTCY JUDGE:**

        Andrew M. Thaler, Esq., the Chapter 7 trustee of the bankruptcy estate of Jaklin Mecanik, the above-captioned debtor (the "Debtor"), by his attorneys, Pryor & Mandelup L.L.P., hereby submits this *ex parte* application (the "Application"), for the entry of the pre-fixed Order, pursuant to 11 U.S.C. §105(a) and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing Sharok Jacobi to (i) produce certain documents and (ii) appear and give testimony at an examination to be conducted by the Mr. Thaler's counsel. In support of this Application, the Trustee respectfully represents as follows:

        1.     On January 30, 2012, (the "Filing Date"), the Debtor filed a voluntary petition for relief from her creditors under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (th "Bankruptcy Code").

2.         Subsequently, Andrew M. Thaler, Esq. was appointed interim Chapter 7 Trustee.

3.         On February 28, 2012, the first meeting of creditors (the "First Meeting") was held pursuant to 11 U.S.C. § 341(a) at which time Alan M. Thaler, Esq., (the "Trustee') qualified as permanent trustee of the Debtor's bankruptcy estate (the "Estate").

4.         During the course of the Trustee's examination of the Debtor at several adjourned meetings of creditors under Section 341 of the Bankruptcy Code, as well as the Trustee's independent investigation of the Debtor's potential assets, the Trustee discovered that the Debtor may possess interests in several real properties (the "Real Property Interests")[1] and businesses (the "Business Interests")[2].

5.         The Trustee, by his counsel, repeatedly requested that the Debtor to produce documents related to the Real Property Interests and Businesses Interests.  Ultimately, due to the Debtor's inadequate disclosures, the Trustee filed a motion, dated December 20, 2012, to compel (the "Motion to Compel") the Debtor to turnover the documents and information previously requested by the Trustee.  By this Court's Order, dated January 24, 2013, the Motion to Compel was granted and

---

[1] The Real Property Interests include possible interests in the following properties: (i) 57 Steamboat Road, Great Neck, NY; (ii) 7 Allen Lane, Great Neck, NY; (iii) 15 Carriage Road, Great Neck, NY; (iv) 401 Great Neck Road, Great Neck, NY; (v) 85-93 Steamboat Road, Great Neck, NY; (vi) 107-109 Steamboat Road, Great Neck, NY; (vii) 91 Steamboat Road, Great Neck, NY; (viii) 306 Beach 27th Street, Far Rockaway, NY; (ix) a time share at the Hilton, 1335 Avenue of the Americas, New York, NY, and (x) 73 Susquehanna Avenue, Great Neck, NY.

[2] The Business Interests include possible interests in the following businesses: (i) King Kosher Food, (ii) Great Greens, Inc.; (iii) Ahsan Realty Corp.; (iv) 306 Acquisition Corp.; (v) S&J Capital Corp.; (vi) Jaklin Mecanik, LLC; (vii) 550 Stewart Avenue Acquisition Corp.; (viii) Sharok's Hedge Fund LLC; (ix) Palace Realty Corp.; (x) Allex Realty Corp.; (xi) Taklin Mecanik, Inc.; (xii) Jacklyn Mechanic d/b/a Briarwood Associates; (xiii) Sharokh & Associates; (xiv) Beverly Hills Suites, LLC; (xv) Glengreen Associates, LLC; (xvi) Glenwood-Greenwood Owners Corp.; (xvii) Check 'N' Dial, Inc.; (xviii) Howard Johnson Beverly Hills Suites, LLC; (xix) Bradley Hotel; (xx) Money Talks; and (xxi) Windsor Locks Family Trust.

the Debtor was directed to turnover all documents and information relating to the Real Property Interests and Business Interests that were previously demanded by the Trustee.

6. The Debtor failed to produce the vast majority of the documents and information that she was required to turnover to the Trustee pursuant to the Court's January 24, 2013 Order. Consequently, the Trustee commenced an adversary proceeding against the Debtor seeking (i) the denial of her discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), (5), and (6), (ii) an accounting of various assets and rental income, and (iii) the turnover of all property of the Estate.

7. The Debtor has represented to the Trustee that her former husband, Sharok Jacobi, who is in the real estate business, often handled her financial affairs. Moreover, the Trustee is in possession of an unsigned Stipulation of Settlement, by and between the Debtor and Sharok Jacobi, which refers to their respective rights and responsibilities as to many of the Real Property Interests and Business Interests. As such, Sharok Jacobi is likely to possess (i) significant knowledge regarding the extent of the Debtor's right, title and interest in and to the Real Property Interests and the Business Interests and (ii) the documents related to said interests that the Debtor has, to date, repeatedly refused to turnover to the Trustee.

8. In order for the Trustee to adequately assess the nature and value of the Real Property Interests and Business Interests, the Trustee requires documents evidencing: (i) the nature, whether legal or equitable, and value of the Debtor's interests in and to the Real Property Interests and Business Interests; (ii) the nature and value of any and all liens, claims and/or encumbrances with respect to the Real Property Interests and the Business Interests; (iii) any transfers of the Real Property Interests and Business interests; and (iv) the extent of any property disposition within the context of the Debtor and Sharok Jacobi's divorce proceeding.

**JURISDICTION**

9. This Court has jurisdiction with respect to this Application pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are Section 105(a) of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules.

**RELIEF REQUESTED**

10. By this Application, the Trustee seeks an order directing Sharok Jacobi to submit to an examination by the Trustee or his attorneys, pursuant to Rule 2004 of the Bankruptcy Rules with respect to, *inter alia*: (i) the nature, whether legal or equitable, and value of the Debtor's interests in and to the Real Property Interests and Business Interests; (ii) the nature and value of any and all liens, claims and/or encumbrances with respect to the Real Property Interests and the Business Interests; (iii) any transfers of the Real Property Interests and Business interests; (iv) the extent of any property disposition within the context of the Debtor and Sharok Jacobi's divorce proceeding; (v) any matter which may affect the Trustee's administration of the Debtor's chapter 7 estate; and, (vi) any matter which may affect the Debtor's right to receive a discharge (collectively, a "2004 Exam").

11. The Trustee further requests that the Court order that a 2004 Exam of Sharok Jacobi be conducted on a date and time designated by the Trustee on at least fourteen (14) days notice, at the offices of Trustee's counsel, Pryor & Mandelup, LLP, 675 Old Country Road, Westbury, New York, 11590, or at such other time as the parties mutually agree, and that the 2004 Exam shall continue from day to day thereafter, or as adjourned from time to time to other dates, until completed.

12. Finally, the Trustee requests that the Court order Sharok Jacobi to produce for inspection and copying at the offices of the Trustee's counsel, Pryor & Mandelup, LLP, 675 Old

Country Road, Westbury, New York, 11590, no later than two weeks prior to the date of the 2004 Exam, the following documents: (i) any and all deeds, mortgages, liens, HUD-1 settlement statements, appraisals, comparative market analyses, leases, agreements, assignments, assignments of rents and leases, memoranda with respect to any and all real properties, time shares, condominiums, co-operatives, in which the Debtor has had an interest of any kind including, but not limited, to 57 Steamboat Road, Great Neck, NY, 7 Allen Lane, Great Neck, NY, 15 Carriage Road, Great Neck, NY, 401 Great Neck Road, Great Neck, NY, 85-93 Steamboat Road, Great Neck, NY, 107-109 Steamboat Road, Great Neck, NY, 91 Steamboat Road, Great Neck, NY, 306 Beach 27th Street, Far Rockaway, NY, a time share at the Hilton, 1335 Avenue of the Americas, New York, NY, and 73 Susquehanna Avenue, Great Neck, NY; (ii) any and all documents, including, but not limited to, articles of incorporation, shareholder agreements, by-laws, shares of stock, concerning the ownership of King Kosher Food, Great Greens, Inc.; Ahsan Realty Corp.; 306 Acquisition Corp.; S&J Capital Corp.; Jaklin Mecanik, LLC; 550 Stewart Avenue Acquisition Corp.; Sharok's Hedge Fund LLC; Palace Realty Corp.; Allex Realty Corp.; Taklin Mecanik, Inc.; Jacklyn Mechanic d/b/a Briarwood Associates; Sharokh & Associates; Beverly Hills Suites, LLC; Glengreen Associates, LLC; Glenwood-Greenwood Owners Corp.; Check 'N' Dial, Inc.; Howard Johnson Beverly Hills Suites, LLC; Bradley Hotel; Money Talks; and Windsor Locks Family Trust; (iii) any and all documents, including, but not limited to, federal and state income tax returns with any and all schedules, worksheets and attachments, profit and loss statements, balance sheets, for the last six (6) concerning the value of any business in which the Debtor possessed an interest of any kind as of the Filing Date; (iv) any and all documents concerning the Debtor and Sharok Jacobi's divorce proceeding, including, but not limited to, any and all pleadings, orders, judgments, and stipulations

of settlement; and, (v) any and all Net Worth Statements of the Debtor and Sharok Jacobi produced in the context of their divorce proceeding.

13. A copy of the proposed subpoena for Sharok Jacobi, in further support of the requested Rule 2004 Order, is annexed hereto as **Exhibit "A"**.

## PRIOR APPLICATIONS

14. No Application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Chapter 7 Trustee, Andrew M. Thaler, Esq., by his attorneys, Pryor & Mandelup, L.L.P., respectfully requests that this Court enter the pre-fixed Order, which is consistent with the relief requested herein, and for such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
       June 20, 2013

           PRYOR & MANDELUP, LLP
           Attorneys for Andrew M. Thaler, Esq.,
           the Chapter 7 Trustee of the
           Estate of Jaklin Mecanik

           By: ___*/s/ J. Logan Rappaport*___
               J. Logan Rappaport
           675 Old Country Road
           Westbury, New York 11590
           (516) 997-0999